UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ADONYS GERARDO ZAMORA LEYTON )
and all others similarly situated under 29 )
U.S.C. 216(b), )
)
)
        Plaintiff, )
  vs. )
)
)
GEORGE IGLESIAS, )
ELIZABETH IGLESIAS, )
)
        Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Plaintiff, ADONYS GERARDO ZAMORA LEYTON on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, GEORGE IGLESIAS and ELIZABETH IGLESIAS, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. GEORGE'S ITALIAN RESTAURANT & LOUNGE[1] is a restaurant that regularly transacts business within Dade County.

4. The individual Defendant GEORGE IGLESIAS is a corporate officer and/or owner and/or manager of GEORGE'S ITALIAN RESTAURANT & LOUNGE and ran the day-to-day operations of GEORGE'S ITALIAN RESTAURANT & LOUNGE for Plaintiff's respective

---

[1] Plaintiff has not located a legal entity affiliated with the restaurant, GEORGE'S ITALIAN RESTAURANT & LOUNGE, upon diligent search in relation to the Division of Corporations, but reserves the right to add an entity Defendant should discovery reveal a legal entity that can be sued.

period of employment ("the relevant time period") and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant ELIZABETH IGLESIAS is a corporate officer and/or owner and/or manager of GEORGE'S ITALIAN RESTAURANT & LOUNGE and ran the day-to-day operations of GEORGE'S ITALIAN RESTAURANT & LOUNGE for Plaintiff's respective period of employment ("the relevant time period") and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff worked for Defendants as a busboy from on or about December 28, 2010 through on or about January 2, 2013. Plaintiff also worked for Defendants as a waiter from on or about January 3, 2013 through on or about January 9, 2015.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, GEORGE'S ITALIAN RESTAURANT & LOUNGE had gross sales or business done in excess of $500,000 annually for the years 2009 through 2013.

14. Upon information and belief, GEORGE'S ITALIAN RESTAURANT & LOUNGE's gross sales or business done is expected to exceed $500,000 for the year 2014.

15. Upon information and belief, GEORGE'S ITALIAN RESTAURANT & LOUNGE 's gross sales or business done and is expected to exceed $125,000 for the first quarter for the year 2015.

16. Upon information and belief, Defendants own and operate several other restaurants and are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose, and share common employees. For purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiff intends to stack income as appropriate pursuant to the applicable law.

17. Between the period of on or about December 28, 2010 through on or about January 2, 2013, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $6.50 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

18. Between the period of on or about January 3, 2013 through on or about January 9, 2015, Plaintiff worked an average of 54 hours a week for Defendants and never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-19 above and further states:

20. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

21. Between on or about December 28, 2010 through January 2, 2013, Plaintiff worked an average of 60 hours a week for the Defendants. Plaintiff was paid $6.50/hr for said work in violation of the Fair Labor Standards Act as said payment of $6.50/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $6.50/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

22. Between on or about January 3, 2013 through January 9, 2015, Plaintiff worked an average of 54 hours a week for the Defendants. Plaintiff was never paid anything at all for any hours worked in violation of the Fair Labor Standards Act as said non-payment did not meet the

applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the applicable minimum wage rate of $7.25/hr for all hours worked.

23. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

24. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

    Respectfully Submitted,

    J.H. Zidell, Esq.
    J.H. Zidell, P.A.
    Attorney For Plaintiff
    300 71st Street, Suite 605
    Miami Beach, Florida 33141

Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
  Florida Bar Number: 0010121